UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY L. WHITE,

        Petitioner,               Case No. 1:14-cv-921

v.                                       Honorable Robert J. Jonker

KENNETH McKEE,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. Petitioner and two co-defendants were accused of robbing at gunpoint Robert and Linda Wagner, owners of Napier Gold and Silver, in Benton Township on July 19, 2011. Following a trial in the Berrien County Circuit Court, Petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529, one count of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, and one count of interference with electronic communication, MICH. COMP. LAWS § 750.540. On April 30, 2012, the trial court sentenced Petitioner to concurrent prison terms of 12 to 30 years for the armed-robbery convictions and 286 days for the interference-with-electronic-communication conviction, along with a consecutive two-year term for the felony-firearm conviction.

Petitioner appealed as of right in the Michigan Court of Appeals raising one claim of error - that there was insufficient evidence to support his felony-firearm conviction. In an unpublished opinion issued on August 8, 2013, the Michigan Court of Appeals rejected Petitioner's claim and affirmed his conviction. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on December 23, 2013. Petitioner now raises the same insufficiency-of-the-evidence claim in his application for habeas corpus relief.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). The Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). "In *Greene*, the Court clarified that state courts must follow clearly established law as it existed 'at the time of the state-court adjudication on the merits.'" *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014). "That is, under 28 U.S.C. § 2254(d), 'clearly established Federal law' is the law at the time the original decision was made, not as [the Sixth Circuit had previously held], the law 'before the conviction became final.'" *Miller*, 642 F.3d at 644 (quoting *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth by the Supreme Court, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–406). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle

from our decisions but unreasonably applies it to the facts of the particular case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1706-07 (2014) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011)). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

Petitioner claims that the prosecutor failed to present sufficient evidence to support his felony-firearm conviction as a principal or as an aider and abettor. The Michigan Court of Appeals disagreed, stating:

> On appeal, defendant only challenges the felony-firearm conviction, arguing that there was insufficient evidence to support it. This Court reviews de novo sufficiency of the evidence issues. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). In determining the sufficiency of the evidence, this Court "reviews the evidence in the light most favorable to the prosecution." *Id.* This Court must determine "whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *People v Railer*, 288 Mich App 213, 217; 792 NW2d 776 (2010).
>
> It is unclear whether defendant was convicted as a principal or as an aider and abettor on the felony-firearm charge. In either case, however, there was sufficient evidence to support his conviction. A person is guilty of felony-firearm when that person "carries or has in his or her possession a firearm when he or she commits or

> attempts to commit a felony." MCL 750.227b. The standard for "aiding and abetting felony-firearm in Michigan is whether the defendant procures, counsels, aids, or abets in [another carrying or having possession of a firearm during the commission or attempted commission of a felony.]" *People v Moore*, 470 Mich 56, 70; 679 NW2d 41 (2004).
>
> At trial, three witnesses testified about which men had guns when the store was robbed. The victims, Robert and Linda Wagner, testified that (1) they were each attacked by a man with a gun, (2) that the man who attacked Linda was different than the man who attacked Robert, (3) Robert saw the man who attacked him, (4) Linda saw the man who attacked her, (5) neither Robert nor Linda saw each other's attacker, and (6) a third man was yelling from the front door. One of the co-defendants, Quentin Willford (who was the getaway driver), testified that (1) three of the men involved actually entered and robbed the store and (2) two of the three men had guns. Willford further testified that defendant was one of the two men who had a gun. In making his argument, defendant relies heavily on the fact that Willford was the only witness to testify specifically that defendant had a gun. But the test is whether the prosecutor presented sufficient evidence to establish beyond a reasonable doubt that defendant had actual or constructive possession of a firearm during the robbery. *People v Hill*, 433 Mich 464, 469-471; 446 NW2d 140 (1989). This can be proven by circumstantial evidence or direct evidence. *Id*. at 469, citing *United States v Smith*, 591 F2d 1105 (CA 5, 1979). But ultimately, it is a question of fact for the jury to decide. *Hill*, 433 Mich at 469, citing *United States v Holt*, 427 F2d 1114 (CA 8, 1970).
>
> Here, the jury found defendant guilty of the felony-firearm charge. Viewing the evidence in the light most favorable to the prosecution, the jury, as a rational trier of fact, found that the evidence proved the essential elements of the crime beyond a reasonable doubt.

*People v. White*, No. 310918, 2013 WL 4034356, at **1-2 (Mich. Ct. App. Aug. 8, 2013). As discussed by the Michigan Court of Appeals, Willford's testimony that Petitioner was one of the robbers who was armed with a gun is sufficient evidence to support Petitioner's felony-firearm conviction. While Petitioner argues that Willford's testimony is not sufficiently credible, standing alone, to support the conviction, the reviewing court may not "weigh the evidence, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Jackson*,

470 F.3d 299, 309 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

Petitioner made a related argument that the jury was not properly instructed on the felony-firearm offense on an aiding-and-abetting theory. Because Petitioner did not preserve his claim for appeal by objecting to the trial court's instructions, the Michigan Court of Appeals reviewed his claim only for plain error, stating:

> The trial court gave separate instructions to the jury for each crime defendant was charged with: Count I and II of armed robbery, felony-firearm, and interference with a telephone communication. The trial court then read the instruction on aiding and abetting. The aiding and abetting instruction provided, in relevant part:
>
>> In this case the defendant is charged with committing armed robbery regarding Robert Wagner, armed robbery regarding Linda Wagner, felony firearm, and interference with a telephone communication, or intentionally assisting someone else in committing those crimes. Anyone who intentionally assists someone else in committing a crime is guilty as a person who directly commits it, and can be convicted of that crime as an aider and abettor.
>>
>> To prove this charge of aiding and abetting, the prosecutor must prove each of the following elements beyond a reasonable doubt: First, the alleged crime was actually committed either by defendant or someone else. It does not matter whether anyone else has been convicted of the crime. Second, before or during the crime the defendant did something to assist in the commission of the crime. Third, the defendant must have intended the commission of the crime alleged, or must have known that the other person intended its commission at the time of giving the assistance.
>>
>> Now, it does not matter how much help, advice, or encouragement the defendant gave, however, you must decide whether the defendant intended to help another commit the crime, and whether his help, advice, or encouragement actually did help advise or encourage the crime.
>>
>> Even if the defendant knew that the alleged crime was planned, was being committed, the mere fact that he was present

>> when it was committed is not enough to prove that he assisted in committing it.
>
> Defendant argues that this instruction failed to tell the jury what the prosecutor must prove to convict defendant of felony-firearm under a theory of aiding and abetting.
>
> Under the plain error review, however, it cannot be said that an error affected defendant's substantial rights in such a way that requires this Court to now correct the error. This Court need only correct a plain error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736. Perhaps the trial court could have arranged the jury instructions in such a way that defendant was more satisfied with the final presentation. But the instruction given by the trial court was that one agreed to by the parties as applicable. Further, it accurately states the law. There was no plain error in the instruction as given.

*White*, 2013 WL 4034356, at **2-3.[1]

Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (same); *Sanders v.*

---

[1] Petitioner procedurally defaulted his claim by failing to preserve it for appellate review. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003). When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner does not allege cause and prejudice for his default, nor does he offer new reliable evidence of actual innocence. Nevertheless, federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003).

*Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Id.* Petitioner clearly cannot meet this burden. As set forth above, there was sufficient evidence to convict Petitioner of felony-firearm as a principal. Moreover, even if Petitioner was unarmed, there was sufficient evidence from which a reasonable trier of fact could conclude that Petitioner intended to assist in the armed robbery under an aiding and abetting theory. Consequently, the decision of the Michigan Court of Appeals was not an unreasonable application of clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented at trial.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989)

(it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:    September 15, 2014          /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE