UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STANLEY LEVELL WHITE,

        Petitioner,                      Case No. 1:14-cv-921

v.                                              Honorable Robert J. Jonker

KENNETH McKEE,

        Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court issued an opinion, order and judgment on September 15, 2014, because the petition failed to raise a meritorious federal claim. This matter now is before the Court upon Petitioner's motion for relief from judgment (docket #10). For the reasons set forth below, the Court will grant Petitioner's motion and vacate the judgment dismissing the case with prejudice. However, Petitioner's action is subject to dismissal without prejudice for failure to exhaust his state-court remedies.

**Factual Background**

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. Petitioner and two co-defendants were accused of robbing at gunpoint Robert and Linda Wagner, owners of Napier Gold and Silver, in Benton Township on July 19, 2011. Following a trial in the Berrien County Circuit Court, Petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529, one count of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, and one count of interference with electronic communication,

MICH. COMP. LAWS § 750.540. On April 30, 2012, the trial court sentenced Petitioner to concurrent prison terms of 12 to 30 years for the armed-robbery convictions and 286 days for the interference-with electronic-communication conviction, along with a consecutive two-year term for the felony-firearm conviction. Petitioner appealed as of right in the Michigan Court of Appeals raising one claim of error - that there was insufficient evidence to support his felony-firearm conviction. In an unpublished opinion issued on August 8, 2013, the Michigan Court of Appeals rejected Petitioner's claim and affirmed his conviction. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on December 23, 2013. Petitioner raised the same insufficiency claim in his application for habeas corpus relief.

## Discussion

### I. Motion for Relief from Judgment

Petitioner brings a motion for relief from judgment under FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief is available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner's motion specifies subsection (1) and (6).

The Sixth Circuit has held that Rule 60(b)(1) should be applied "'equitably and liberally . . . to achieve substantial justice.'" *See Williams v. Meyer*, 346 F.3d 607, 612-13 (6th Cir.

2003) (recognizing that the same standard applies to all Rule 60(b)(1) motions, regardless of whether they challenge a default judgment) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). In deciding whether relief is warranted, the Court must consider three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *Williams*, 346 F.3d at 613 (citing *United Coin*, 705 F.2d at 845). A party demonstrates lack of culpability by showing "mistake, inadvertence, surprise, or excusable neglect." *Id.*

In his motion, Petitioner contends that he simultaneously filed the instant habeas petition, a motion to stay the proceedings and a motion for relief from judgment in the Berrien County Circuit Court. Petitioner raised three new claims of error in his motion for relief from judgment. He alleges that he "attempted to stay the proceedings, while pursuing post-conviction relief in the state courts. For reasons unknown to the petitioner, the motion was never filed or acknowledged by this court." (Mot. for Relief ¶ 12, docket #10, Page ID#81.) According to the docket sheet in this case, a motion for a stay of the proceedings was never filed. Petitioner did not disclose anywhere in his habeas petition that he had or intended to file a motion for relief for judgment, nor did he include the new claims raised in his motion for relief from judgment. When asked in the form petition whether he had filed any other petitions, applications or motions for relief from judgment pursuant to Subchapter 6.500 of the Michigan Rules, Petitioner answered "no." (Pet. ¶ 10, docket #1, Page ID#3.) Consequently, the Court had no reason to believe that Petitioner had a motion for relief from judgment pending in the state court at the time it ruled on his case.

Nevertheless, the Court will accept as true Plaintiff's claim that he attempted to file a motion for a stay of the proceedings at the time he filed his petition. Moreover, if this Court denies relief, habeas review of the claims presented in Petitioner's state motion for relief from judgment likely would be barred by the "second or successive" provision. A successive petition raises grounds

identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Because this case was dismissed with prejudice, any future petition filed by Petitioner raising new claims of error would be "second." Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The difficulty of obtaining such authorization from the Sixth Circuit would present a significant barrier to review of Petitioner's new claims, which are not plainly meritless. Furthermore, Respondent has not yet been ordered to answer in this action and would not be prejudiced if the Court grants Petitioner relief. Under the circumstances, the Court will grant Petitioner's motion and vacate the judgment issued on September 15, 2014.

II.     **Exhaustion of state court remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his sufficiency of the evidence claim in the Michigan Court of Appeals and the Michigan Supreme Court; therefore, the exhaustion requirement is satisfied with regard to that claim. Petitioner, however, has not satisfied the exhaustion requirement with regard to the three new claims raised in his state motion for relief from judgment. According to Petitioner, that motion remains pending in the Berrien County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th

Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on December 23, 2013.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on March 24, 2014.  Accordingly, absent tolling, Petitioner would have one year, until March 24, 2015, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 781.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]  Petitioner has more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision,

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his exhausted claim at any time before the expiration of the limitations period. Because a dismissal for lack of exhaustion is without prejudice, it will not prevent Petitioner from filing a future petition in this Court. *See Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir.1998) (habeas petition filed after a prior petition has been dismissed for lack of exhaustion is not a second or successive petition).

### Conclusion

For the foregoing reasons, the Court will grant Petitioner's motion for relief from judgment and vacate the September 15, 2014 judgment dismissing the case with prejudice. However, Petitioner's action now will be dismissed without prejudice for failure to exhaust his state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:      November 26, 2014           /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE